UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GALVAN, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:12-cv-01446 |
| DNV GL USA, INC., f/k/a DET NORSKE VERITAS (USA), INC., | § § § § | |
| Defendant. | § | JURY DEMANDED |

## ORIGINAL COMPLAINT — COLLECTIVE ACTION

### I. SUMMARY

1.      DNV GL USA, INC, formerly known as Det Norske Veritas (USA), Inc., ("Defendant") paid its surveyors at a straight time rate for their overtime hours worked instead of at the time-and-one-half rate required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA" or "the Act"). Michael Galvan, a surveyor formerly employed by Defendant, now brings this FLSA collective action to recover unpaid overtime wages, liquidated damages, attorney's fees and costs for himself and all others similarly situated, pursuant to Section 216(b) of the Act.

### II. SUBJECT MATTER JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action under 29 U S.C. § 216(b) and 28 U.S.C. § 1331.

3.      Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

### III. PARTIES AND PERSONAL JURISDICTION

4.      Plaintiff Michael Galvan is an individual residing in Harris County Texas. Plaintiff's written consent to be a party to this action is attached hereto as Exhibit "A."

5.      The Class Members are all of Defendants' current and former surveyors (and any persons who performed substantially similar job duties under other titles) who worked more than forty (40) hours in a workweek but were paid at a straight-time rate for overtime hours worked at any time starting three years before the filing of this Complaint up to the present.

6.      Defendant DNV GL USA, INC., formerly known as Det Norske Veritas (USA), Inc., is a domestic for-profit corporation authorized to do business in Texas with its principal office in Katy, Texas.

### IV. COVERAGE

7.      At all material times, Defendant has been an employer within the meaning of 29 U.S.C. §203(d) because Defendant had the power to hire or fire Plaintiff and the Class Members; to control their work schedules and their conditions of employment; and to determine their rates of pay and method of payment.

*Enterprise Coverage*

8.      At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. §203(r) because Defendant and its agents, officers and employees engaged in related activities for the common business purpose of providing a variety of services to the maritime, oil and gas, energy and health care industries of the United States.

9.      At all material times, Defendant has been an enterprise in commerce within the meaning of Section 3(s)(1) of the FLSA because Defendant has had and continues to have

employees engaged in commerce through the provision of services to the maritime, oil and gas, energy and health care industries of the United States. 29 U.S.C. § 203(s)(1).

10.     Defendant has had, and continues to have, an aggregate annual gross business volume in excess of the statutory standard.

*Individual Coverage*

11.     At all material times, Plaintiff and the Class Members were individual employees engaged in commerce as defined and set forth in 29 USC §§ 203 and 207.

12.     In their capacity as surveyors or workers performing substantially similar work under other titles, Plaintiff and the Class Members observed the testing of drilling equipment moving in and used in interstate commerce (e.g. valves, drill pipes, blowout preventers, etc.) and provided certification of said equipment.

## V.   FACTS

13.     On May 1, 2017, Det Norske Veritas (USA), Inc. changed its name to DNV GL USA, INC. Under either name, however, Defendant is and has been a Texas corporation based in Katy, Texas, which provides a host of services to the maritime, oil and gas, energy and health care industries of the United States.

14.     Among other business activities, Defendant is hired to provide independent verification, confirmation and certification that the equipment and construction processes of oil field services companies comply with various statutory, regulatory or contractual requirements. In order to provide that service, Defendant employs workers known as "surveyors" or "inspectors" who are physically present during the construction and testing of various types of oil field equipment (e.g. valves, drill pipes, blowout preventers, etc.).

15.     Plaintiff was a non-exempt, salaried employee who worked as a surveyor for Defendant from approximately January 1, 2014 until mid-January 2017. During his period of employment, he verified and certified equipment for Defendant primarily at three National Oilwell Varco ("NOV") worksites in the greater Houston area.

16.     Plaintiff routinely worked around 100 hours per two-week pay period throughout his employment. Defendant tracked Plaintiff's hours worked, and paid him at a straight-time hourly rate for each hour worked above 40 in a week rather than at the time-and-one-half rate required by the overtime provisions of the FLSA.

17.     Defendant was sued in this Court in 2013 for previous violations of the overtime provisions of the FLSA with respect to the employment of surveyors. In the prior suit, Defendant was represented by Littler Mendelson, a leading employment law defense firm, and—unless Defendant wishes to assert that Littler Mendelson did not do its job properly—it must have been on notice as to the requirements of the FLSA with respect to the pay of oil field equipment surveyors following the resolution of that suit by settlement in late 2013.

18.     Accordingly, Defendant's subsequent failure to pay Plaintiff for all of his overtime hours worked at a time-and-one half rate was a willful violation of the FLSA.

VI.   COLLECTIVE ACTION ALLEGATIONS

19.     On February 6, 2013, Defendant was sued in a collective action for violation of the overtime provisions of the FLSA with respect to the payment of surveyors. *Michael Rimpley, Individually and on Behalf of All Others Similarly Situated, v. Wavecrest Offshore Solutions, Inc. and Det Norske Veritas (USA), Inc.;* Case No. 4:13-cv-00308; In the United States District Court for the Southern District of Texas, Houston Division. ("*Rimpley*" case.) The case was settled on or about November 2013.

20.     *Rimpley* involved the misclassification of surveyors as independent contractors to avoid overtime. Barely a month after the settlement of the case, on or about January 1, 2014, Defendant formally converted the status of its surveyors—including the status of the Plaintiff in the instant suit, Michael Galvan—from so-called independent contractors to full-time, salaried employees. However, oil field equipment surveyors are not exempt from the overtime provisions of the FLSA, and Defendant thereafter failed to pay its surveyors at a time-and-one-half rate for hours worked above 40 in a week.

21.     These Class Members perform or have performed the same or similar work as that performed by Plaintiff.

22.     Class Members are not exempt from receiving overtime pay under the FLSA.

23.     Class Members are similar to Plaintiff in that they performed oil field equipment surveyor work for Defendant, were paid on a salary basis, and were paid at a straight time rate for their overtime hours worked.

24.     Defendant's failure to the overtime compensation required by the FLSA results from its generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

25.     The experience of Plaintiff with respect to denial of time-and-one-half overtime pay is typical of the experiences of the Class Members.

26.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

27.     All Class Members, without regard to their particular job requirements, are entitled to compensation for their improperly paid overtime hours worked.

28.     Although the exact amount of damages may vary among Class Members, the damages for each Class Member can be calculated easily by reference to their paystubs, as the violation appears on the face of Defendant's pay records. The claims of all Class Members arise from a common nucleus of facts, namely that Defendant paid its surveyors at an hourly rate for overtime hours worked. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

29.     Accordingly, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class Members are all of Defendants' current and former surveyors and persons who performed substantially similar job duties under other titles who worked more than forty (40) hours in a workweek but were not paid at a time-and-one-half rate for hours worked above 40 in a week, at any time starting three years before the Original Complaint was filed up to the present.**

## VII.  VIOLATION OF 29 U.S.C. § 207

30.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

31.     Defendant's practice of paying Plaintiff at a straight time rate for his overtime hours worked violated the FLSA.  29 U.S.C. § 207.

32.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are employed is applicable to Defendant or to Plaintiff.

## VIII.  DAMAGES SOUGHT

33.     Plaintiff and Class Members are entitled to recover back wages for their unpaid overtime hours worked.

34.     Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

35.    Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX.   PRAYER

36.    For the foregoing reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.    Compensation for all overtime hours worked at the rate mandated by the FLSA;

b.    An amount equal to the sum of the foregoing as liquidated damages as allowed under the FLSA;

c.    Reasonable attorney's fees, costs and expenses of this action as provided for by the FLSA; and

d.    Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

/s/ Alex Mabry
Alex Mabry
Texas Bar No. 00792043
**THE MABRY LAW FIRM, PLLC**
10320 Sommerville Avenue
Houston, Texas 77041
Telephone: (832) 350-8335
Facsimile: (832) 831-2460
amabry@mabrylaw.com
**ATTORNEY IN CHARGE**
**FOR PLAINTIFF MICHAEL GALVAN**