## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL GALVAN, Individually and** | § | |
| **on Behalf of All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.  4:17-cv-01543** |
| | § | |
| **DNV GL USA, INC. f/k/a DET NORSKE** | § | **JURY TRIAL DEMANDED** |
| **VERITAS (USA), INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE OPT-IN CONSENT FORM

Table of Contents …………………………………………………………………...ii

Table of Authorities ...............................................................................................................iii

I.    Introduction................................................................................................. 1

II.   Nature and Stage of Proceedings ........................................................... 1

III.  Statement of the Issues.............................................................................. 2

IV. Factual and Procedural History............................................................... 2

V.   Summary of Argument ............................................................................. 3

VI.  Argument and Authorities........................................................................ 6

    A.    Defendant's reading of the scheduling order is flawed.  The scheduling order provides a deadline to move for conditional certification, not an opt-in deadline. .......................... 6

    B.    Even if Defendant's reading of the scheduling order were correct (and it is not), it would still be appropriate for the Court to grant leave to file opt-in consent forms........ 8

        i.    Good cause exists to allow Walters and Flood's consent forms to be filed ……….9

        ii. There is no prejudice to Defendant……..…………………………………………10

        iii. Only a short amount of time has elapsed between the instant motion and the date Defendant interprets as an opt-in deadline…………………………………………11

        iv. Allowing Walters and Flood to join this case serves judicial economy………….. 12

        v.  The remedial purposes of the FLSA supports allowing Walters and Flood to participate in this action…………………………………………………………... 13

    C.    The ethical obligations of Plaintiff's counsel require that action be taken to protect the claims held by Walters and Flood................................................................................. 14

VII. Conclusion ................................................................................................. 14

# TABLE OF AUTHORITIES

## Cases

*Abubakar v. Cnty. of Solano*, 2008 U.S. Dist. LEXIS 122997 (E.D. Cal. Feb. 27, 2008)...... 10, 12

*Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593 (E.D. La. 2013).................. 12

*Ayers v. SGS Control Servs., Inc.*, 2007 U.S. Dist. LEXIS 76539 (S.D.N.Y. Oct. 9, 2007) .......... 9

*Benavidez v. Piramides Mayas Inc.*, 2013 U.S. Dist. LEXIS 55586 (S.D.N.Y. Apr. 16, 2013) . 11, 13

*Coronado v. v. D N.W. Houston, Inc.*, 2014 U.S. Dist. LEXIS 164151 (S.D. Tex. Nov. 24, 2014) ................................................................................................................ 8

*Davis v. Mostyn Law Firm, P.C.,* 2012 U.S. Dist. LEXIS 6014 (S.D. Tex. Jan. 19, 2012) .......... 7

*Garcia v. Triple D Sec. Corp.*, 2010 U.S. Dist. LEXIS 30143 (S.D. Tex. Mar. 6, 2012) ............. 3

*Heaps v. Safelite Solutions, LLC*, 2011 U.S. Dist. LEXIS 150313 (S.D. Ohio Dec. 22, 2011).... 9, 10, 12

*Helton v. Factor 5, Inc.*, 2014 U.S. Dist. LEXIS 59472 (N.D. Cal. Apr. 29, 2014)................. 9, 11

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001)................................. 8

*Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989)........................................... 2, 8

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 2008 U.S. Dist. LEXIS 88851 (N.D. Cal. Oct. 23, 2008) ................................................................................... 9, 11

*Kelley v. Alamo*, 964 F.2d 747 (8th Cir. 1992) ........................................................ 13

*Metzger v. Auto Rescue of MKE LLC,* 2016 U.S. Dist. LEXIS 190720 (E.D. Wis. May 20, 2016) ................................................................................................................ 7

*Monroe v. United Air Lines, Inc.,* 94 F.R.D. 304 (N.D. Ill. 1982).................................. 9, 11, 12

*Raper v. State of Iowa*, 165 F.R.D. 89 (S.D. Iowa 1996) ........................................... 9, 11

*Robinson—Smith v. Gov't Emples. Ins. Co.*, 424 F. Supp. 2d 117 (D.D.C. 2006) .................. 9, 11

*Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30 (N.D.N.Y. 2009)................................... 9, 12, 13

*Williams v. Guardian Living Servs*, 2018 U.S. Dist. LEXIS 40219 (S.D. Tex. Mar. 12, 2018) .... 7

*Yates v. Wal-Mart Stores*, 58 F. Supp. 2d 1217 (D. Colo. 1999) .................................. 12

**Statutes**

29 U.S.C. § 216(b) ................................................................................................... 2

29 U.S.C. § 255 ........................................................................................................ 6

## I.      INTRODUCTION

Plaintiff Galvan files this Motion for Leave to file the opt-in consent form of Darryel Walters, attached hereto as Exhibit "A" (Appx.000001).  Plaintiff Galvan filed this matter as an FLSA collective action, and the Court is currently considering Plaintiff's Motion for Conditional Certification which has been fully briefed.  *See* Dkt. #13.

Notwithstanding this Motion for Leave, Plaintiff entirely rejects Defendant's argument that opt-ins are precluded from joining an FLSA suit before a motion for conditional certification is filed or while a ruling on the motion is pending.[1] Plaintiff simply files the instant Motion for Leave in an abundance of caution in view of the fact that another putative class member has come forward and has done so before Plaintiff has had a chance to respond to Defendant's Motion for Partial Summary Judgment (Dkt. #19), the thrust of which is Defendant's attempt to stop additional opt-ins from coming into this FLSA suit. For the reasons stated herein, Plaintiff respectfully submits that the Court should grant Plaintiff leave to file opt-in plaintiff Walters' consent form and to consider it timely filed as of the date of this Motion.[2]

## II.      NATURE AND STAGE OF PROCEEDINGS

Plaintiff Michael Galvan brought this FLSA collective action on May 19, 2017, seeking to recover overtime wages for surveyors currently and formerly employed by Defendant DNV GL USA, Inc. ("DNV") who were paid at a straight-time rate rather than a time-and-one-half rate for hours worked over forty in a week. (Dkt. #1.) Defendant answered the suit on July 21, 2017, (Dkt. #6), and the scheduling conference was held on September 11, 2017. (Dkt. #9). Plaintiff filed a

---

[1] *See generally*, Defendant's Motion for Partial Summary Judgment, Dkt. #19 (seeking to dismiss opt-ins from the suit). The docket date for Defendant's motion is May 25, 2018, and Plaintiff has not yet filed its Response in Opposition.

[2] For the reasons set forth herein, Plaintiff also requests that opt-in James Flood's Consent Form, previously filed on April 4, 2018, be considered to be timely filed in view of the pending Motion for Conditional Certification. *See* Dkt. #16.

1

Motion for Conditional Certification on March 14, 2018 (Dkt. #13); Defendant filed its Response in Opposition on April 4, 2018 (Dkt. #15); and Plaintiff filed a Reply on April 11, 2018 (Dkt. #17). The Court's ruling on the Conditional Certification motion is pending. On May 4, 2018, Defendant filed a Motion for Partial Summary Judgment seeking to block the filing of opt-in consents. (Dkt. #19). Plaintiff's deadline to oppose that motion is May 25, 2018. The discovery period is currently set to end on August 31, 2018, with docket call set for November 5, 2018.

## III.   STATEMENT OF THE ISSUES

Plaintiff seeks to file opt-in consents during the pendency of his Motion for Conditional Certification. In so doing, Plaintiff asserts that he is in compliance with the scheduling order, with the Federal Rules of Civil Procedure, and with the provisions of the FLSA governing a claim for relief. Should the Court for any reason disagree, Plaintiff respectfully requests relief, to include an amendment to the scheduling order and/or a specific order permitting the filing of opt-in consents, as the Court may deem appropriate. The Court has the inherent power to manage its docket, as well as the discretion to facilitate notice to class members and to give effect to the remedial provisions of Section 216(b) of the FLSA. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

## IV.   FACTUAL AND PROCEDURAL HISTORY

The Court issued a scheduling order on September 11, 2017 which included a "new parties/class allegations by" deadline of March 15, 2018. (Dkt. #9.)  The deadline is set forth below as it appears in the scheduling order:

New parties/class allegations by:                    Collective Action
                                                     (Opt-In by 03/15/2018)

*Id.* Plaintiff understood this deadline to be the deadline for Plaintiff to file a Motion for Conditional Certification and to add new parties. The parenthetical was understood to be the deadline for opt-

2

ins to join as parties plaintiff in the event that Plaintiff elected not to assert class claims via the filing of a Motion for Conditional Certification. Accordingly, Plaintiff timely moved for conditional certification on March 14, 2018. (Dkt. #13.)

Twelve days prior to the filing of Plaintiff's Motion for Conditional Certification, on March 2, 2018, Plaintiff filed the consent forms of John Telschow and Michael McDonald. (Dkt. #12.) Thus, at the time the certification motion was filed, the lead plaintiff and two opt-ins had consents on file. In response, Defendant took the interesting position that because the Motion for Conditional Certification would be decided after March 15, 2018 motion deadline, no opt-in plaintiffs could join. (Dkt. #15.) Plaintiff timely filed a Reply which addressed Defendant's arguments and noted that the above-referenced March 15, 2018 deadline was for Plaintiff to assert its class allegations via a Motion for Conditional Certification and to add new parties. (Dkt. #17.) On April 4, 2018 Plaintiff filed the consent form of an additional opt-in plaintiff, James Flood. (Dkt. #16.) One month later, on May 4, 2018, Defendant filed a Motion for Partial Summary Judgment seeking dismissal of Mr. Flood's Consent Form. Since that time, yet another class member (Mr. Walters) has come forward and requested the filing of his consent to join the litigation. In an abundance of caution, and pursuant to an attorney's duty to prevent a client's claim from wasting, Plaintiff files this Motion for Leave to file opt-in Darryel Walters' consent form.

## V.    SUMMARY OF ARGUMENT

The March 15, 2018 deadline in the scheduling order required Plaintiff to make his class allegations and to add new parties by that date.[3] That was beyond question the deadline to add new

---

[3]Scheduling Order, Dkt. #9, at p.1. *Cf. Garcia v. Triple D Sec. Corp.*, 2010 U.S. Dist. LEXIS 30143, at *5-6 (S.D. Tex. Mar. 6, 2012) (Harmon, J.) (noting that the scheduling order deadline to add parties implicated Rules 19 and 20 of the Federal Rules of Civil Procedure, and was not directed at conditional certification).

parties, and it could also have been interpreted as the deadline to amend the pleadings, and perhaps

even as the deadline to file the motion for conditional certification (and if so, it was a deadline

Plaintiff met). Contrary to Defendant's assertion, however, the March 15th date was not and could

not have been the deadline for opt-in plaintiffs to file consents to join this litigation <u>while a motion</u>

<u>for conditional certification was still pending, and before notice had even issued to the class.</u>

FLSA collective actions follow a standard procedure: A plaintiff moves for conditional

certification and, if that motion is granted, the Court orders notice to issue and sets a deadline by

which any individual wishing to exercise his or her right to opt-in must do so. Here, although the

conditional certification motion has been filed, the issues fully briefed, and although the Court's

determination is pending, there has not yet been a ruling and hence there cannot be a post-notice-

issuance opt-in deadline. Interpreting the scheduling order deadline in the manner Defendant

suggests would require one of two scenarios to be the case: Either (a) the Court conditionally

certified a collective action at the time the scheduling order was issued and set an opt-in deadline

of March 15, 2018, notwithstanding the complete absence of any such certification language in the

scheduling order; or else (b) Plaintiff's counsel was implicitly required to reverse engineer the

scheduling order from its March 15, 2018 class allegations date and to use a crystal ball to identify

both how long the Court would take to rule on a previously-filed conditional certification motion,

as well as the amount of time in the notice period the Court would then order (60 days? 90 days?)

for the opt-ins to receive the notice and to exercise their right to opt in no later than March 15,

2018, in order for Plaintiff's counsel to correctly identify the date by which a conditional

certification motion would need to be filed in order to make the March 15, 2018 date accord with

all the above requirements. Further, a moment's reflection will show that Plaintiff's counsel would have been hard-pressed to give effect to Defendant's interpretation of the scheduling order even if Plaintiff's counsel had managed to get a conditional certification motion on file within a week or two of the September 11, 2017 scheduling conference (notwithstanding the absence of any such suggestion in the scheduling order). Not to put too fine a point on it, Defendant's argument is untenable.

Plaintiff knows of no case wherein this Court (or any other) set a deadline for opt-in plaintiffs to join and then left it up to plaintiff's counsel to reverse engineer earlier certification motion-related deadlines not specified in the scheduling order. To the contrary, it appears to be the standard practice of this Court when issuing a scheduling order in a proposed collective action to use the "New parties/class allegations" line on the scheduling order as a place holder for the deadline to file a conditional certification motion.[4] Plaintiff's interpretation of the deadline is a plain and logical reading of the scheduling order given the normal sequence of events in an FLSA collective action and the history of how courts administer such cases.

Moreover, Plaintiff's counsel has a duty to prevent the wasting of clients' FLSA claims and must promptly file their FLSA consent forms. Plaintiff Galvan brought the instant case as a collective action seeking to recover overtime for DNV surveyors; opt-in Walters is a former DNV surveyor with an identical overtime claim which belongs in this action; and his FLSA Consent must be filed to stop the running of the statute of limitations. Accordingly, Plaintiff seeks leave— if leave be required—to file Mr. Walters' consent in order to preserve those claims while the Court considers Plaintiff's Motion for Conditional Certification. Should the Court find that the

---

[4] *See, e.g.,* Exhibit B, Scheduling Order in *Camp v. ISO Tex Diagnostics, Inc.,* Case No. 4:17-cv-03472, Dkt. #14 (Appendix000002-3); Exhibit C, Scheduling Order in *Phillips v Brandon Foster,* Case No. 4:17-cv-03239, Dkt. #19 (Appendix000004-5); Exhibit D, Scheduling Order in *Esqueda v. National Oilwell Varco LP,* Case No. 4:17-cv-03687, Dkt. #18 (Appendix 000006-7).

Scheduling Order does not authorize Plaintiff to file opt-in consent forms during the pendency of a Conditional Certification Motion, Plaintiff respectfully requests that the scheduling order be amended to authorize that action, or alternatively he requests leave to file consent forms after March 15, 2018. Good cause exists for the relief requested since a motion for conditional certification is pending, notice to the class has not yet issued, and opt-in plaintiffs Flood and Walters only recently submitted their consents to Plaintiff's counsel. In each case, Plaintiff's counsel took action promptly to file their consent forms. Defendant faces neither prejudice nor surprise as, on the one hand, three and one-half months remain in the existing discovery period and as, on the other hand, the Parties envisioned from the beginning that there would be a need to adjust the deadlines to accommodate Plaintiff's motion for conditional certification. *See* Joint Discovery Case Management Plan, Dkt. #8, at p. 4, ¶13 ("The parties agree that an additional extension of the discovery deadline may be required depending on the number of opt-in plaintiffs.").

## VI.     ARGUMENT AND AUTHORITIES

### A.     Defendant's reading of the scheduling order is flawed.  The scheduling order provides a deadline to move for conditional certification, not an opt-in deadline.

The statute of limitations in an FLSA divests employees of damages with each day that passes. The statute provides that an FLSA cause of action "may be commenced within two years after the cause of action accrued. . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).  The limitations period is not tolled with respect to other potential plaintiffs unless and until they opt in to the case.  *Id*.

Aside from the above provision, the FLSA does not specify when opt-in consents may or may not be filed.  "[C]ourts generally allow opt-ins to be filed at any time in the action and even look to these opt-in consents—or the lack thereof—as evidence on the question of whether a class in an FLSA collective action should be conditionally certified." *Metzger v. Auto Rescue of MKE LLC,* No. 15-CV-967-JPS, 2016 U.S. Dist. LEXIS 190720, at *3 (E.D. Wis. May 20, 2016). In fact, some courts look to whether opt-in plaintiffs have joined the matter as a basis for granting conditional certification. *See Davis v. Mostyn Law Firm, P.C.,* No. 4:11-cv-02874, 2012 U.S. Dist. LEXIS 6014, at *32 (S.D. Tex. Jan. 19, 2012) ("However, the participation of additional plaintiffs in a lawsuit after the initial plaintiff is relevant in determining whether there is a reasonable basis to assume that similarly situated individuals would seek to join the lawsuit.") (Ellison, J.); *but see Williams v. Guardian Living Servs*., Civ. Action No. 4:17-cv-1901, 2018 U.S. Dist. LEXIS 40219, at *5-6 (S.D. Tex. Mar. 12, 2018) (revisiting prior jurisprudence and deciding that evidence of additional class interest is not necessary to grant conditional certification) (Ellison, J.).

In the instant case, the Court set a deadline (March 15, 2018) for Plaintiff to make class allegations and for the Parties to add new parties pursuant to Fed. R. Civ. P. 19 and 20. One reading of that deadline could have been that it was the deadline to amend the pleadings (with no intention to foreclose a later motion for conditional certification); and another could have been that it was the deadline to make class allegations via the filing of a motion for conditional certification. Either way, Plaintiff submits that he met the deadline, as he filed the motion for conditional certification prior to March 15, 2018, and he did so standing upon the Original Complaint. If, as Plaintiff understood, March 15, 2018 was the deadline to file the motion for conditional certification, that date presented a binary choice: File a motion for conditional certification making the class allegations; or, in the absence of such a motion, be faced with a deadline for adding opt-ins as

parties plaintiff, as there would be no conditional certification process with notice to a putative class thereafter. Plaintiff made his choice; filed a motion for conditional certification; and thereby triggered the usual *Lusardi* process for evaluating conditional certification.

Because Plaintiff's Motion for Conditional Certification is pending, there is not yet any order granting the conditional certification requested, and thus no deadline has yet been specified for notice to issue and for opt-in plaintiffs to join. Accordingly, because the deadline to opt-in has not yet been set, opt-in plaintiffs Walters and Flood had the right to file their consents to assert their claims and to stop the wasting of their claims by the daily loss of their damages due to the running of the FLSA's limitations period.

**B.     Even if Defendant's reading of the scheduling order were correct (and it is not), it would still be appropriate for the Court to grant leave to file opt-in consent forms.**

Courts have broad discretion to determine whether to permit late opt-in filers to join a collective action. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."); *see also Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) (holding that district courts have discretion in managing notice to potential plaintiffs in collective actions under the FLSA and ADEA); *Coronado v. v. D N.W. Houston, Inc.*, 2014 U.S. Dist. LEXIS 164151, 2014 WL 667492 at *2 (S.D. Tex. Nov. 24, 2014) (noting that courts set opt-in deadlines in FLSA cases, and have broad discretion to accept late opt-ins) (Rosenthal, J.).

"Although the caselaw on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline

8

passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009) (citing cases); *see also Helton v. Factor 5, Inc.*, 2014 U.S. Dist. LEXIS 59472, 2014 WL 1725734, at *3 (N.D. Cal. Apr. 29, 2014) (applying *Ruggles* factors); *Heaps v. Safelite Solutions, LLC*, 2011 U.S. Dist. LEXIS 150313, 2011 WL 6749053, at *1 (S.D. Ohio Dec. 22, 2011) (applying *Ruggles* factors); *Ayers v. SGS Control Servs., Inc.*, 2007 U.S. Dist. LEXIS 76539, 2007 WL 3171342, at *4-5 (S.D.N.Y. Oct. 9, 2007) (requiring that tardy opt-in plaintiffs show good cause); *Robinson—Smith v. Gov't Emples. Ins. Co.*, 424 F. Supp. 2d 117, 123-24 (D.D.C. 2006) (considering the potential prejudice to defendant and the purposes of the FLSA); *Raper v. State of Iowa*, 165 F.R.D. 89, 92 (S.D. Iowa 1996) (considering prejudice and judicial economy); *Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill. 1982) (considering the extent of filing delay).  Each factor is analyzed below.

### i.    Good cause exists to allow Walters' and Flood's consent forms to be filed.

As discussed above, good cause exists to accept the filing of Mr. Walters' and Mr. Flood's consent forms after March 15, 2018 because Plaintiff filed those documents shortly after they were received by his counsel, who in turn were acting in accordance with their reasonable and good faith interpretation of the scheduling order. Even when a late filer <u>fails</u> to demonstrate good cause, this factor may be discounted because "a rigid application of a 'good cause' test does not fully respond to the various factors with which the court must concern itself." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 2008 U.S. Dist. LEXIS 88851, 2008 WL 4712769, at *2 (N.D. Cal. Oct. 23, 2008); *see also Ruggles*, 687 F. Supp. 2d at 37 (not even considering good cause because "all other factors weigh[ed] in [the plaintiffs'] favor"); *Helton*, 2014 U.S. Dist. LEXIS 59472, 2014 WL 1725734, at *3 ("While Plaintiffs' counsel have failed to show good cause for their belated

filing of the consent to join forms, the Court finds that the other relevant factors weigh in favor of permitting the opt-in plaintiffs to join the FLSA collective action." (footnote omitted)); *Heaps*, 2011 U.S. Dist. LEXIS 150313, 2011 WL 6749053, at *2 ("Although Plaintiffs have offered no good cause for their failure to timely file these consent forms, all of the other factors weigh in their favor."). In this case, factors besides good cause weigh strongly in favor of allowing opt-ins who filed after March 15, 2018 to remain in the collective action.

### ii.      There is no prejudice to Defendant.

This case is still in its early stages. The parties have conducted one round of written discovery, and only a single deposition has taken place, that of Plaintiff Galvan on May 14, 2018. Allowing Mr. Walters and Mr. Flood to file their consent forms in this case will not work any prejudice on Defendant.  When examining the prejudice faced by a defendant in allowing a plaintiff to opt-in after the deadline, courts consider whether the number of new plaintiffs would prejudice the defendant in its ability to conduct discovery and the time between the deadline to join and the date of filing. Here, the Court is faced with two opt-ins who filed or who seek to file consents within two months or less after the date Defendant believes is the opt-in deadline. Under these facts, Defendant faces no cognizable prejudice. *See Heaps*, 2011 U.S. Dist. LEXIS 150313, 2011 WL 6749053, at *2 ("[A]ll of these consent notices were filed with the Court within a few months after the deadline and the majority of them within one month, not presenting any unfair surprise or requiring that Defendants take any additional steps to defend this action."); *Abubakar v. Cnty. of Solano*, No. CIV. S-06-2268 LKK/EFB, 2008 U.S. Dist. LEXIS 122997, 2008 WL 550117, at *2 (E.D. Cal. Feb. 27, 2008) (rejecting defendant's argument that "its potential liability would increase by 15% (based on the addition of 23 plaintiffs to the 155 current plaintiffs), that the issue of whether plaintiffs are similarly situated will be more complicated, that there would be even

more tolling dates for statute of limitations purposes, and that its discovery costs will rise");
*Robinson-Smith*, 424 F. Supp. 2d at 124 ("Allowing four more plaintiffs into the collective action
already containing 269 represents only a limited additional exposure for the defendant, given the
relatively small number . . . ."); *Monroe*, 94 F.R.D. at 305 ("Individual discovery for any particular
plaintiff is minimal, and trial is still a few months away."); *Benavidez v. Piramides Mayas Inc.*,
No. Civ. A 09-5076, 2013 U.S. Dist. LEXIS 55586, 2013 WL 1627947 (S.D.N.Y. Apr. 16, 2013)
(allowing two plaintiffs who filed late opt-in consent forms—one nearly three months after the
court's deadline—to remain in the action, despite a failure to show good cause for the late filings,
because there was no prejudice to the defendants). "True prejudice in this context might, for
instance, consist of 'allow[ing] new plaintiffs to join and share the spoils after the battle is won,
but sit on the sidelines and remain free from the consequences of an unfavorable outcome.'" *Wells
Fargo*, 2008 U.S. Dist. LEXIS 88851, 2008 WL 4712769, at *2 (quoting *Raper*, 165 F.R.D. at 92).
No such circumstance is present here. "Whether or not a statute of limitations is tolled is not a
persuasive consideration. Neither is any increase in the potential exposure of the defendant." *Id.*
"[T]o the extent the individual [d]efendants object to the addition of the opt-in plaintiffs on the
ground that they will face an increase in their potential exposure, this is not a proper consideration
in determining whether to allow the opt-in plaintiffs to join this action." *Helton*, 2014 U.S. Dist.
LEXIS 59472, 2014 WL 1725734, at *3 n.6.

### iii.    *Only a short amount of time has elapsed between the instant motion and the date Defendant interprets as an opt-in deadline.*

Related to the immediately preceding discussion of prejudice, only a very short time has
elapsed between the March 15 deadline and this request to allow Walters to participate in this case.
Courts have allowed much longer filing delays, some even after the liability phase. *See Helton*,
2014 U.S. Dist. LEXIS 59472, 2014 WL 1725734, at *2 (allowing late filers who missed deadline

by "approximately nine months"); *Heaps*, 2011 U.S. Dist. LEXIS 150313, 2011 WL 6749053, at *2 (allowing late filings that were "within a few months after the deadline…"); *Ruggles*, 687 F. Sup. 2d at 37 (allowing late filings); *Raper*, 165 F.R.D. at 92 (allowing untimely filings after the liability but before the damages phase of the trial). This factor weighs in favor of allowing Mr. Walters and Mr. Flood to join this case.

> ### iv.   *Allowing Walters and Flood to join this case serves judicial economy.*

If the Court declined to allow Mr. Walters or Mr. Flood to participate in this action, they would be required to file separate actions that would likely just be consolidated with this one. *See Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 598 (E.D. La. 2013) ("The plain language of Section 216(b) does not prohibit employees from bringing more than one collective action based on the same alleged violations.") (citing *Yates v. Wal-Mart Stores*, 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999))); *see also Monroe*, 94 F.R.D. at 305 ("[I]t should be remembered that in at least some of the cases the alternative may be to force the filing of individual lawsuits—scarcely productive of economy either for the litigants or for the courts."). "Obviously, there is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future." *Heaps*, 2011 U.S. Dist. LEXIS 150313, 2011 WL 6749053, at *2 (quoting *Ruggles*, 687 F. Supp. 2d at 37); *see also Wells Fargo*, 2008 U.S. Dist. LEXIS 88851, 2008 WL 4712769, at *2 ("The maintenance of several actions would partially frustrate the underlying rationale for using the class action mechanism."); *Abubakar*, 2008 U.S. Dist. LEXIS 122997, 2008 WL 550117, at *2 (noting the futility in requiring late opt-in plaintiffs to file separately given the foreseeability of a consolidation order pursuant to Fed. R. Civ. P. 42(a)); *Raper*, 165 F.R.D. at 92 ("There is no need to encourage multiple actions on the same subject.").

This factor also weighs in favor of allowing Mr. Walters and Mr. Flood to file their consents in this action.

>   ### v.   *The remedial purposes of the FLSA supports allowing Walters and Flood to participate in this action.*

Finally, the FLSA's remedial purpose supports allowing Mr. Walters and Mr. Flood to join this action. Assuming, for the sake of argument only, that any opt-in after March 15, 2018 would be late under the existing scheduling order, courts frequently consider the remedial purpose of the FLSA as a sufficient reason to allow untimely opt-ins. The *Benavidez* court, for example, relied in part on the FLSA's remedial purpose in deeming timely two consent forms filed after the deadline. *See Benavides*, 2013 U.S. Dist. LEXIS 55586, 2013 WL 1627947, at *3. Other courts have taken a similar approach. *See, e.g., Ruggles*, 687 F. Supp. 2d at 37-38 (observing that the FLSA's remedial purpose implores a "generous reading, in favor of those whom congress intended to benefit from the law . . . when considering issues of time limits and deadlines" (citing *Kelley v. Alamo*, 964 F.2d 747, 750 (8th Cir. 1992))); *see also Helton*, 2014 U.S. Dist. LEXIS 59472, 2014 WL 1725734, at *3 ("Allowing the opt-in plaintiffs to join the FLSA collective action . . . is consistent with the broad and flexible reading of the FLSA in favor of coverage."); *Heaps*, 2011 U.S. Dist. LEXIS 150313, 2011 WL 6749053, at *3 ("agree[ing] with other courts' holdings that with respect to the FLSA, '[a] generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines'") (quoting *Kelley*, 964 F.2d at 750)); *Wells Fargo*, 2008 U.S. Dist. LEXIS 88851, 2008 WL 4712769, at *2 (observing that applying "[a] generous reading [of the FLSA], in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines"); *Schaefer-LaRose*, 2008 U.S. Dist. LEXIS 102627, 2008 WL 5384340, at *4 ("'[W]e should not become slaves of [a] deadline beyond its reason for existence.'" (quoting

13

*Monroe*, 94 F.R.D. at 305)). Giving effect to the remedial purposes of the FLSA is yet another factor supporting a decision to allow Mr. Walters and Mr. Flood to opt in, even if Defendant's interpretation of the scheduling order were correct, which Plaintiff denies.

### C. The ethical obligations of Plaintiff's counsel require that action be taken to protect the claims held by Walters and Flood.

Lawyers have an ethical duty to protect their clients' interests and claims. It is Plaintiff's counsel's assessment that filing the opt-ins' consents in this action is both permissible and required so as to stop the running of the statute of limitations and the wasting of the claims, and in order to bring those claims to the Court's attention in the appropriate forum. Furthermore, Plaintiff's counsel has an ethical obligation minimize the burdens and delay of litigation, a goal that is furthered by filing multiple consent forms in a single case rather than engaging in piecemeal litigation by initiating lawsuit after lawsuit for individual plaintiffs.

The filing of these opt-in consent forms in no way prejudices Defendant. The Motion for Conditional Certification is currently pending; discovery is on-going; and the Parties advised the Court in the Joint Discovery and Case Management Plan that they anticipated a possible need to extend the discovery period to account for opt-in plaintiffs.

### VII.    CONCLUSION

For the reasons stated herein, Plaintiff requests that opt-in Plaintiff Walters' consent form attached hereto as Exhibit "A" be deemed properly filed as of the date of this Motion; that opt-in Plaintiff Flood's consent form be deemed properly filed as of the date it was in fact filed, namely, as of April 4, 2018 (Dkt. # 16); that Plaintiff be given leave to file any additional opt-in consents that come into his counsel's possession while Plaintiff's Motion for Conditional Certification is pending; and for such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *Alex Mabry*_____

Alex Mabry
amabry@mabrylaw.com
Texas State Bar No. 00792043
MABRY LAW FIRM, PLLC
10320 Sommerville Ave.
Houston, Texas 77041
Telephone: (832) 350-8335
Facsimile:  (832) 831-2460
**ATTORNEY-IN-CHARGE**
**FOR PLAINTIFF AND CLASS MEMBERS**

**Of Counsel:**

Beatriz-Sosa Morris
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
John Neuman
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

## CERTIFICATE OF CONFERENCE

This is to certify that, on May 16, 2018, the undersigned conferred by telephone with Kelcy Palmer, counsel for Defendant, concerning the relief sought by Plaintiff in this Motion, and Ms. Palmer advised that Defendant opposes the Motion.

/s/ Alex Mabry_____
Alex Mabry

## CERTIFICATE OF SERVICE

This is to certify that, on May 16, 2018, a copy of the foregoing instrument was served upon counsel for all parties of record via the Court's electronic case filing system.

/s/ Alex Mabry_____
Alex Mabry

15