United States District Court
Southern District of Texas
**ENTERED**
May 22, 2018
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| MICHAEL GALVAN, on behalf of | § | |
| himself all others similarly situated, | § | |
| *Plaintiff* | § | |
| v. | § | |
| DNV GL USA, INC., F/K/A DET | § | Civil Action No. 4:17-CV-1543 |
| NORSKE VERITAS (USA), INC., | § | |
| *Defendant* | § | |
|  | § | |
|  | § | |

## MEMORANDUM AND ORDER ON CONDITIONAL CERTIFICATION

Currently pending before the Court is Plaintiff Michael Galvan's ("Plaintiff" or "Galvan") motion for conditional certification. Pl.'s Mot. Condit. Cert., ECF No. 13 ("Motion").[1] Defendant DNV GL USA, Inc. ("Defendant" or "DNV") filed a motion for partial summary judgment, seeking dismissal of certain opt-ins as untimely or unauthorized. Def. Mot. Part. Summ. J., ECF No. 19 ("MSJ").[2] Plaintiff also requested leave to file opt-in consent forms. Pl.'s Mot. For Leave, ECF No. 24. The Court held a status conference on May 21, 2018. After considering the briefing, arguments of counsel, evidence, and applicable law, the Court determines that the Plaintiff's Motion should be granted in part and denied in

---

[1] On March 28, 2018, United States District Judge Kenneth Hoyt referred this case to this Court to conduct all future proceedings pursuant to 28 U.S.C. § 636. Order, ECF No. 14.

[2] Defendant opposed the motion to certify. Def.'s Resp. to Condit. Cert. Mot., ECF No. 15. Plaintiff filed a reply. Pl.'s Reply, ECF No. 17.  Plaintiff opposes the motion for partial summary judgment. Pl.'s Resp., ECF No. 26.

part, and Defendant's partial MSJ is moot, and Plaintiff's motion for leave is moot.[3]

## I.     BACKGROUND

On May 19, 2017, Plaintiff filed this action against DNV on behalf of himself and others similarly situated to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a), 216(b). Pl.'s Compl., ECF No. 1. Defendant DNV is a global quality assurance and risk management company, doing business in Europe and the United States. ECF No. 1 at 3; ECF No. 15 at 4. It is structured into five business areas: maritime, oil and gas, energy, business assurance, and digital solutions. ECF No. 15 at 5. DNV employs surveyors in its maritime business area, *id.,* as well as other areas.

Galvan worked as a surveyor from January 1, 2014 through January 2016. ECF No. 1 ¶ 15.[4] During his period of employment, Plaintiff alleges he verified and certified equipment for Defendant primarily at three National Oilwell Varco ("NOV") worksites in the greater Houston area. *Id.* Since 2014, he was classified as an employee and received straight time pay when he worked more than 40 hours

---

[3] A motion for conditional certification under the FLSA is a non-dispositive matter appropriate for a United States Magistrate Judge to decide under 28 U.S.C. § 636(b)(1)(A). *Bijoux v. Amerigroup N.Y., LLC,* No. 14-CV-3891, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015); *Bearden v. AAA Auto Club S, Inc.,* No. 2:11-CV-3104, 2013 WL 1181474, at *1 (W.D. Tenn. Mar. 18, 2013).

[4] In the Complaint, Plaintiff alleges he worked until January 2017. ECF No. 1 ¶ 15. This appears to be a mistake because Galvan's declaration states that he worked until January 2016. ECF No. 13-1 ¶ 6. Likewise, Defendant asserts that Galvan was employed until January 18, 2016. ECF No. 15 at 6.

a week. *Id.* ¶ 16. In his motion, Plaintiff asserts that the primary job responsibilities as a surveyor for both Plaintiff and the class members were the same: "observing certain stages of product manufacturing and assembly as well as observing testing performed on various pieces of oil field and drilling equipment." ECF No. 13 at 18. Likewise, he claims that other surveyors were paid straight time for overtime. *Id.* at 11-12. Plaintiff alleges that the Defendant had a policy and practice not to pay surveyors time and one-half for overtime. ECF No. 1 ¶ 24. He defines the class members as

> all of Defendants' current and former surveyors (and any persons who performed substantially similar job duties under other titles) who worked more than forty (40) hours in a workweek but were paid at a straight-time rate for overtime hours worked at any time starting three years before the filing of this Complaint up to the present.

*Id.* ¶ 5.

On March 14, 2018, Plaintiff filed his Motion, seeking conditional certification of this class. ECF No. 13. In response, Defendant asserts that the motion is untimely and should be denied, and further seeks summary judgment as to those plaintiffs who opted-in without an order granting certification. ECF No. 15 at 2-4; ECF No. 19 at 6-8. Plaintiff now seeks leave to allow the opt-ins, in the event the Court finds his Motion to certify is untimely. ECF No. 24.

In September 2017, Judge Hoyt entered a scheduling order that set the end of the opt-in period for March 15, 2018. This case has been pending for a year. The

3

Plaintiff waited until the day before the opt-in deadline to file his motion for conditional certification. The parties have exchanged some written discovery and taken the Plaintiff's deposition, but have not completed discovery. Although Plaintiff's Motion is untimely, the Court will consider it because the parties have not completed discovery, judicial economy weighs in favor of the collective action instead of having potential opt-ins filing their own actions, and the Defendant will not suffer any real prejudice from a short continuance of the current deadlines in the scheduling order.

## II.    LEGAL STANDARD

The FLSA provides that

> no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA creates a cause of action for an employee to sue his employer for violating the overtime compensation requirements. It also permits a court to order a case to proceed as a collective action on behalf of "other employees similarly situated." *Id.* § 216(b). Section 216(b) provides for an opt-in procedure for other similarly situated employees to join the action. *Vaughn v. Document Grp. Inc.*, 250 F. Supp. 3d 236, 239 (S.D. Tex. 2017); *Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 461 (S.D. Tex. 2015). Courts favor FLSA collective

4

actions because they reduce costs for the individual plaintiffs and create judicial efficiency. *Austin*, 161 F. Supp. 3d at 461.

In deciding whether to certify an FLSA lawsuit, the Fifth Circuit has affirmed use of the lenient two-stage approach. *Kibodeaux v. Wood Grp. Prod.*, No. 4:16-CV-3277, 2017 WL 1956738, at *1 (S.D. Tex. May 11, 2017) (citations omitted); *accord Vaughn*, 250 F. Supp. 3d at 239. Both stages occur before the court assesses the merits of the case. *Vaughn*, 250 F. Supp. 3d at 239. At neither stage does the court decide factual disputes or make credibility determinations. *Id.*

At the first stage, the court decides whether to conditionally certify a class for individuals to opt-in and be bound by the outcome of the case. *Id.* If the court decides to conditionally certify a class, the court issues notice to potential class members. *Kibodeaux*, 2017 WL 1956738, at *1. The court makes this decision based on the pleadings and any submitted affidavits. *Id.*; *Austin*, 161 F. Supp. 3d at 463. Because the court has minimal evidence at the notice stage, the court uses a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class." *Kibodeaux*, 2017 WL 1956738, at *1 (citations omitted).

At the second stage, after some or all discovery has been completed, a defendant may choose to file a motion for decertification. *Id.* at *2; *Vaughn*, 250 F. Supp. 3d at 239. At that time, the court considers any additional evidence the parties submitted to determine whether to decertify the class because its

members are not similarly situated. *Kibodeaux*, 2017 WL 1956738, at \*2; *Vaughn*,

250 F. Supp. 3d at 239.

## III.   ANALYSIS

### A. Plaintiff's Motion Meets the First Stage's Lenient Showing

To prevail at this stage, a plaintiff must make a minimal showing of three

elements:

> (1) there is a reasonable basis for crediting the assertion that
> aggrieved individuals exist; (2) those aggrieved individuals are
> similarly situated to the plaintiff in relevant respects given the
> claims and defenses asserted; and (3) those individuals want to
> opt in to the lawsuit.

*Kibodeaux*, 2017 WL 1956738, at \*2; *Vaughn*, 250 F. Supp. 3d at 240; *Austin*,

161 F. Supp. 3d at 462. A factual basis for the allegations is needed to satisfy the

first step. *McKnight v. D. Houston, Inc.,* 756 F.Supp.2d 794, 801 (S.D. Tex. 2010).

Specifically, the plaintiff must demonstrate "some identifiable facts or legal nexus

[that] bind the claims so that hearing the cases together promotes judicial

efficiency." *Flowers v. MGTI, LLC,* No. 4:11-CV-1235, 2012 WL 1941755, at \*3

(S.D. Tex. May 29, 2012) (citations omitted). The court should deny the motion for

conditional certification "if the action arises from circumstances purely personal to

the plaintiff, and not from any generally applicable rule, policy, or practice."

*Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012).

6

1. **Plaintiff sufficiently established that other aggrieved individuals exist who were subject to an allegedly unlawful policy.**

A plaintiff "need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Austin*, 161 F. Supp. 3d at 464 (citing *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916-17 (S.D. Tex. 2010)). To do so, a plaintiff must, at a minimum, identify other employees who were subject to the same policy or plan. *Id*.

Plaintiff submitted three declarations, including his own, in support of the assertion that there were other aggrieved employees who worked at DNV as surveyors and were not paid time and one-half for their overtime. Galvan Decl. at 5-8, ECF No. 13-1; Telschow Decl. at 9-11, ECF No. 13-1; McDonald Decl. at 46-48, ECF No. 13-1. Plaintiff stated that he had access to the work schedule for surveyors on a regular basis and observed that the "vast majority of surveyors worked more than 40 hours per week." Galvan Decl. at 6 ¶ 7, ECF No. 13-1. The allegations in the Complaint and the Motion state that the other surveyors were paid straight time for overtime, although Galvan does not specifically say this in his declaration. The two other opt-in plaintiffs provided declarations that stated they knew based on their conversations with other surveyors that others were likewise paid straight time for their overtime work. Specifically, they both state that DNV paid all of its surveyor employees under this system and it was a

frequent topic of complaint. Telschow Decl. at 10, ECF No. 13-1; McDonald Decl. at 47, ECF No. 13-1.

The Court finds that Plaintiff has provided sufficient evidence to credit his assertion that other aggrieved individuals exist. *See Vaughn*, 250 F. Supp. 3d at 240 (finding sufficient plaintiff's affidavit along with affidavit of another who stated he was misclassified as an independent contractor, was not paid overtime wages, and estimated fifteen other similar employees exist, naming three); *Davis v. Mostyn Law Firm, PC*, No. 4:11-CV-02874, 2012 WL 163941, at *6 (S.D. Tex. Jan. 19, 2012) ("Plaintiffs assert that they worked with, knew of, and conversed with other salaried paralegals who worked more than forty hours per week and were also denied overtime pay," including one named employee).

### 2. Plaintiff sufficiently established that the other aggrieved surveyors are similarly situated to Galvan.

For the class representative to be considered similarly situated to the potential opt-in class members, the representative plaintiff must "present some factual support for the existence of a class-wide policy or practice." *Vaughn*, 250 F. Supp. 3d at 239. He must show that he is similarly situated in terms of job requirements and payment provisions. *Id*. at 242. Thus, he need only show that they "performed the same basic task and were subject to the same pay practices." *Kibodeaux*, 2017 WL 1956738, at *3 (internal citations omitted). The FLSA requires that the positions be *similar,* not necessarily identical. *Vaughn*, 250

F. Supp. 3d at 241; *Kibodeaux*, 2017 WL 1956738, at *2 ("the court need not find uniformity in each and every aspect of employment").

This inquiry does not focus on job titles. Individuals are similarly situated for FLSA opt-in purposes even if the job titles are "superficially different" and they have slightly different job duties. *Davis*, 2012 WL 163941, at *6. Even with the same job title, two individuals are not "similarly situated for the purposes of an opt-in FLSA class if their day-to-day jobs duties vary substantially." *Id*. (internal citations omitted).

### a. The class shall be limited to surveyors in the maritime area.

Galvan claims that other surveyors exist whom performed the same primary duties. ECF No. 13 at 16. Galvan and the two other declarants worked as surveyors throughout their tenure with DNV. Galvan Decl. at 6 ¶ 6, ECF No. 13-1; Telschow Decl. at 9 ¶ 2, ECF No. 13-1; McDonald Decl. at 46 ¶ 2, ECF No. 13-1. The description of their job duties is consistent. Each declarant stated that the work of the surveyor involved inspecting oilfield equipment to certify that the equipment, manufacturing, testing, and equipment assembly met certain performance and safety criteria. Telschow Decl. at 9 ¶ 4, ECF No. 13-1; McDonald Decl. at 46 ¶ 4, ECF No. 13-1; Galvan Decl. at 5 ¶ 3, ECF No. 13-1.  Plaintiff's class description refers to all others who performed the same job duties regardless of their title, however, Plaintiff has not put forth any evidence suggesting that such employees

exist. Plaintiff and the other declarants all worked in DNV's maritime area and had no personal knowledge of the job responsibilities in the other four areas. Therefore, the class is limited to surveyors in the maritime area.

Likewise, each declared that he was paid straight time for overtime while working for DNV. Galvan Decl. at 6 ¶ 6, ECF No. 13-1; Telschow Decl. at 9 ¶ 10, ECF No. 13-1; McDonald Decl. at 46 ¶ 10, ECF No. 13-1. Moreover, their declarations show that they worked overtime on a regular basis but were paid straight time for overtime. Telschow Decl. at 9, ECF No. 13-1; McDonald Decl. at 46 ¶¶ 10 & 12, ECF No. 13-1. Telschow provided documents showing he worked overtime without receiving FLSA overtime pay. Telschow Decl. at 9-42, ECF No. 13-1.

Defendant contends that Plaintiff's self-serving declaration and those of the two other surveyors are insufficient to meet even the lenient threshold for conditional certification. ECF No. 15 at 11-12. However, the Court finds that this evidence meets the lenient standard for showing a reasonable basis for Plaintiff's claim that DNV maintains a policy of paying surveyors straight time for overtime. *See, e.g., Vaughn*, 250 F. Supp. 3d at 240 (finding sufficient plaintiff's affidavit along with affidavit of another).

       *b. Defendant's exemption defense is not relevant at the notice stage.*

Defendant further responds that Plaintiff is not a proper representative because he was an exempt employee, not subject to FLSA overtime pay. ECF No. 15 at 15. Whether a plaintiff is exempt is an affirmative defense. *Elliott v. Dril-Quip, Inc.*, No. H-14-1743, 2015 WL 7302764, at *5 (S.D. Tex. Nov. 18, 2015) ("[T]he application of an exemption [in an FLSA case] is an affirmative defense…."); *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H-08-1212, 2008 U.S. Dist. LEXIS 101297, at *9 (S.D. Tex. Dec. 11, 2008) ("[E]xemptions are merits based defenses to an FLSA claim."). Here, the Court finds that this inquiry is merits based and not properly determined at the notice stage. *Vaughn*, 250 F. Supp. 3d at 242 (rejecting argument that putative class members are independent contractors rather than employees because it is a merits based defense not appropriate for determination at the conditional certification stage); *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-00738, 2012 U.S. Dist. LEXIS 12911, at *2 n.1 (S.D. Tex. Feb. 2, 2012) (Atlas, J.) ("At this [notice] stage, the Court does not address the merits of Defendant's contentions.").

       *c. The class shall be limited to DNV's Texas and Louisiana Gulf Coast locations.*

The proposed class definition includes *any* DNV location, effectively making it a company-wide class. Plaintiff bears the burden of showing that the

same policy applies on a company-wide basis. *See Rueda v. Tecon Servs., Inc.*, No. 4:10-CV-4937, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011). Plaintiff's evidence must be based on personal knowledge, which can include inferences and opinions if grounded in personal observation and experience. *McCloud v. McClinton Energy Group, LLC*, No. 7:14-CV-120, 2015 WL 737024, at *4 (W.D. Tex. Feb. 20, 2015) (quoting *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999)). "Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Novick v. Shipcom Wireless, Inc.*, No. 4:16-CV-730, 2017 WL 1344961, at *5 (S.D. Tex. Apr. 12, 2017). "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *Rueda*, 2011 WL 2566072, at *4-6; *accord Flowers,* 2012 WL 1941755, at *3 (same).

Plaintiff has provided three affidavits claiming that DNV's policy of paying surveyors straight time for overtime exists at its locations in Houston and Lake Charles Louisiana. Galvan said he worked primarily at three locations in Houston for one customer of DNV. Galvan Decl. at 7 ¶ 8, ECF No. 13-1. Telschow worked at several customer locations in Houston and one in Lake Charles, Louisiana. Telschow Decl. at 1-2 ¶ 50, ECF No. 13-1. He said he worked primarily along the Texas-Louisiana coast. *Id.* ¶ 6. McDonald worked at a couple of customer locations in Houston. McDonald Decl. at 46 ¶ 5, ECF No. 13-1. The Court finds

that Plaintiff's evidence shows that the declarants worked at DNV's customers' locations along the Texas and Louisiana coast, interacted with others, and had the requisite personal knowledge for asserting that a policy to pay straight time for overtime exists at those locations. *See Walker*, 870 F. Supp. 2d at 470.

Plaintiff's evidence as to DNV's other locations, however, is not as well grounded. Although all three were aware DNV sent surveyors to work at various locations off-shore and around the United States, they had no evidence of personal knowledge that the work done at these locations was the same or evidence that the pay policy was the same. Without more, Plaintiff's evidence is not sufficient to show DNV applies this policy on a company-wide basis. *E.g., Diaz v. Applied Mach. Corp.*, No. 15-CV-1282, 2016 WL 3568087, at *9 (S.D. Tex. June 24, 2016); *McCloud*, 2015 WL 737024, at *8; *Flowers,* 2012 WL 1941755, at *3.

### 3.  Plaintiff sufficiently established that additional aggrieved individuals want to join this lawsuit.

Plaintiff must offer evidence not only that other putative class members exist who were the victims of a single decision, policy, or plan, but that these aggrieved persons want to join the lawsuit. *Davis*, 2012 WL 163941, at *10 (quoting *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2017)). Here, Plaintiff provided evidence that the other aggrieved persons want to join this lawsuit. In fact, four additional claimants have filed consents to join this action since it was first filed. ECF Nos. 12-1, 12-2, 16-1, 24-1.

This is sufficient to establish that others seek to join the lawsuit. *Kibodeux*, 2017 WL 1956738, at *3 (finding evidence of one potential claimant who wished to opt-in was sufficient); *Vaughn*, 250 F. Supp. 3d at 244 (same).

### 4. Class is limited to three years prior the Court's approval of notice.

The "relevant period for an FLSA claim based on unpaid overtime wages is two years, and three years if the plaintiff can prove a willful violation." *Moreno v. National Oilwell Varco, L.P.*, 2017 WL 5904909, at *7 (S.D. Tex. 2017) (citing 29 U.S.C. § 255(a)). "Each individual claimant has its own time period depending on when he or she joins the case." *Id.* (citing 29 U.S.C. § 256(b)).

Plaintiff requests that the class include employees who worked at DNV within the last three years. ECF No. 17 at 9. DNV requests that, if a class is conditionally certified, the Court narrow the date of the proposed class to two years. ECF No. 15 at 17. The class is appropriately limited to DNV surveyors employed within the three year period immediately prior to the date this Court approves notice. *See Diaz*, 2016 WL 3568087, at *10.

### 5. The scope of the class is limited.

Thus, the conditional class shall include:

All current and former DNV surveyors who worked for DNV's maritime area, in Texas-Louisiana coast locations, were classified as employees, and were paid straight time for overtime during the three year period immediately prior to the date this Court approves notice.

14

**B. The Parties Have Seven Days To File Their Proposed Notice and Consent Form.**

As ordered at the status conference, the Parties shall confer and supply the Court with a proposed Notice and Consent form no later than May 29, 2018, which is seven days after this hearing.

## IV.   CONCLUSION

The Court hereby ORDERS that

1. Plaintiff's motion for conditional certification is **GRANTED** in part, as follows: The class is conditionally certified as to all current and former DNV surveyors who worked for DNV's maritime area, in Texas-Louisiana coast locations, were classified as employees, and were paid straight time for overtime during the three years prior to the date this Court approves Notice.

2. Plaintiff's motion for conditional certification is **DENIED** in all other respects.

3. Defendant's motion for partial summary judgment is **MOOT**.

4. Plaintiff's motion for leave is **MOOT**.

5. The Parties have until May 29, 2018 to provide the Court with a proposed Notice and Consent Form.

15

Signed on May 22, 2018, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**